VANDEVENTER FURNITURE COMPANY, Respondent, v. WARREN COMMISSION AND INVESTMENT COMPANY, Appellant.

St. Louis Court of Appeals, November 18, 1907.

PRACTICE: New Trial: Newly-Discovered Evidence. Where a motion for new trial on the ground of newly-discovered evidence set out a memorandum discovered since the trial and showed that laches could not be attributed to the mover for failing to discover it before the trial, and it further appeared probable that if the memorandum had been received in evidence the jury would have reached a different result, the motion for new trial should have been sustained.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED (*with directions*).

*Truman P. Young* for appellant.

Where a new trial is sought on the ground that material evidence has been discovered since the trial, and the nature of this evidence is such that its production at the trial might have produced a different result, that is, if it is doubtful how the new evidence would affect the result, the motion for a new trial should be sustained. Mackin v. Railroad, 45 Mo. App. 82; Railroad v. Martin, 43 Mo. App. 597; Hesse v. Seihe, 88 Mo. App. 66; Investment Co. v. Hoyt, 164 Mo. 124; Logdon v. Kelley, 51 Mo. 572; Howland v. Reeves, 25 Mo. App. 458; State v. Murray, 91 Mo. 95; State v. Moberly, 121 Mo. 604; State v. Wheeler, 94 Mo. 252; State v. Curtis, 77 Mo. 267.

*Montague Punch* for respondent.

(1) The granting of new trials upon the ground of newly-discovered evidence is so much within the sound discretion of the trial court that the appellate court will seldom interfere. Insurance Co. v. Curran, 45 Mo. 142; Cook v. Railroad, 56 Mo. 380; Callahan v. Caffarata, 39 Mo. 136. In order to entitle a party to a new trial on the ground of new-discovered evidence, it must be made to appear that the evidence must have been discovered since the trial, and that it was not because of the want of the exercise of due diligence that it was not discovered before. It must be material to the issue, go to the merits of the cause, and not merely impeach the character of a witness; nor must it be merely cumulative, but must be such as ought to produce on another trial an opposite result on the merits. Folding Bed Co. v. Railroad, 148 Mo. 478; O'Connor v. Duffy, 30 Mo. 595; Tilford v. Ramsey, 43 Mo. 410; Shaw v. Besch, 58 Mo. 107; Dollman v. Munson, 9 Mo. 85; Jaccard v. Davis, 43 Mo. 535; Phillips v. Phillips, 46 Mo. 607.

(2) Where newly-discovered evidence was simply contradictory of the statements of a witness and would not, in all probability, have produced a different result of the cause, a new trial will not be granted. Liberty v. Burns, 114 Mo. 426; Boggs v. Lynch, 22 Mo. 563; Shaw v. Besch, 58 Mo. 107; Stephens v. Macon, 83 Mo. 345; Culbertson v. Hill, 87 Mo. 553; State v. Burd, 115 Mo. 405; Terry v. Greer, 55 Mo. App. 507; State v. Stewart, 127 Mo. 290.

BLAND, P. J.—The action was commenced before a justice of the peace on the following account (omitting caption):

                                    "April 14, 1906.

| | | |
|---|---|---|
| 1 No. 781 Oak Hall Rack | $ 10.50 |
| 6 No. 254 Oak Rockers, at $2.75 | 16.50 |
| 1 Doz. No. 1683 W. S. Oak Diners, at $10.20 Dozen | 10.20 |
| 2 No. 1681 Rockers, oak, at $5 | 10.00 |
| 5 No. 162 Oak Dressers and Washstands, at $22.75 | $111.25 |

                                         $158.45"

In due course the cause was appealed to the circuit court, where on a trial anew plaintiff recovered judgment for $163.10, the principal sum due on the account, with interest thereon from the date of the commencement of the suit.

The evidence shows that plaintiffs, John Guthrel and H. W. Meek, are doing business on Vandeventer avenue, in the city of St. Louis, under the trade name of Vandeventer Furniture Company, and defendant is a Missouri corporation doing business as a real estate agent, in said city of St. Louis. The company also invests in securities, makes loans and owns real estate.

Thomas Warren is the president of defendant company. In the month of April, 1906, defendant had a customer at No. 1619 Missouri avenue, in the city of St. Louis, for whom it agreed to purchase the articles of furniture mentioned in the account. Warren and Guthrel had some communication regarding the furniture, and in the afternoon of Saturday, April 14, 1906, met at the furniture exposition on Locust street, in St. Louis, where Warren selected the furniture from samples there on exhibition. The price was agreed on between him and Guthrel, and Guthrel immediately telephoned to the factories in the city where such articles are manufactured to know if they were on hand and ready for delivery. He received favorable replies. Warren was exceedingly anxious to have the furniture delivered on that afternoon. None of the factories would deliver to a private residence, and an expressman named Temple was called in and he agreed to call at the various factories for the furniture and make the delivery. He collected the furniture and delivered it at No. 1619 Missouri avenue that afternoon. The furniture was in good condition when the expressman received it but when he delivered it all the furniture, with the exception of a few pieces, was broken, scarred and scratched, and was so damaged that the party for whom it was bought refused to accept the damaged articles, but on the earnest request of the expressman stored them in the basement of the house occupied by her where they still remain. Defendant tendered the price of the undamaged furniture before the trial in the justice's court. The tender was refused. Plaintiff's evidence tends to show the expressman was employed by Warren and hence was Warren's agent. On the other hand, defendant's evidence tends to show the expressman was employed by Guthrel and that Guthrel agreed to deliver the furniture at No. 1619 Missouri avenue. On this issue of fact (the only one contested at the trial) the jury found for plaintiff under

instructions given by the court, of which no complaint is made. Defendant makes but one point for a reversal of the case, namely, that the court erred in overruling its motion for a new trial; that the motion should have been sustained on the seventh ground set up in said motion, which ground is as follows:

"Defendant has, since the trial of said cause, discovered additional and material evidence which was unknown to it at the time of the trial, though it had previously to the trial of said cause exercised due diligence to discover all evidence material to the issue; the nature of which said newly discovered evidence is fully set forth in two affidavits of Thomas Warren and Emily Cahill hereto attached."

In support of the motion for new trial plaintiff filed the following affidavits:

"Thomas Warren, of lawful age, being duly sworn, on his oath says he is the president of the Warren Commission & Investment Company; that on the 18th day of October, 1906, and after the trial of the case of John Guthrel et al., doing business as Vandeventer Furniture Company v. Warren Commission & Investment Company, Mrs. Emily Cahill came to his office, No. 200 N. Second street, and informed him that she had found in a drawer, among numerous papers which had been placed there by her, a certain memorandum, which is in words and figures as follows: ·

"'4—14—06.

"'From Vandeventer Furniture Co.,
To Warren Commission Co.,
1619 Missouri Ave.
· 5 No. 162 Dressers and Stands.
½ Doz. 254 V. Rockers.
1 Doz. 1683 Chairs.
2 1681 Rockers. ·
1 Hall Rack.'

"That affiant has compared said memorandum with a letter and a bill in his possession written by said John Guthrel, and that said memorandum is, as affiant verily believes, undoubtedly in the handwriting of said John Guthrel; that said Mrs. Cahill informed affiant that the teamster who delivered the furniture mentioned in evidence, also and at the same time that he delivered said furniture, delivered said memorandum to her; that this affiant had no knowledge that such a memorandum had been delivered by said driver before said 18th day of October, 1906; that he had exercised due diligence to discover all the facts relating to the delivery of said furniture, and had frequently questioned the said Mrs. Cahill as to all the facts and circumstances attending the delivery thereof; that said memorandum is material to the trial of this cause in order to prove that said John Guthrel employed said teamster and gave him written directions as to the delivery of said furniture.

"THOMAS WARREN.

"Subscribed and sworn to before me this nineteenth day of October, 1906. My commission expires July 22, 1908.

(Seal.) "EUGENE S. WILSON,
"Notary Public."

"Emily Cahill, of lawful age, being duly sworn, on her oath says that on the eighteenth day of October, 1906, and after the trial of the case of John Guthrel et al., doing business as the Vandeventer Furniture Company, she found among other papers in a drawer at house No. 1619 Missouri avenue, a certain memorandum in writing, which is in words and figures as follows:

" '4—14—06.

" 'From Vandeventer Furniture Co.,
    To Warren Commission Co.,
        1619 Missouri Ave.
5 No. 162 Dressers and Stands.
½ Doz. 254 V. Rockers.
1 Doz. 1683 Chairs.
2 1861 Rockers.
1 Hall Rack.'

"That said memorandum was given to her by the teamster who delivered the furniture, mentioned in the evidence in said cause, at the time of delivering said furniture; that he requested her to sign said memorandum and return it to him, but that she refused to sign it on account of the damaged condition of the furniture; and that said teamster departed leaving the above-described memorandum with her; that she had not previously to the eighteenth day of October, 1906, seen said memorandum since it had been placed in said drawer, nor disclosed to said Warren Commission and Investment Company, or its attorney, the fact that any such memorandum was in her possession.

"EMILY CAHILL."

Guthrel testified that Warren told him the furniture was to be delivered at 1619 Missouri avenue, but he did not know Warren was going to deliver it there; that he had nothing to do with the instructions to the expressman; that Warren gave the expressman instructions where to take the furniture; that the only instructions he gave was how and where to get the furniture from the factories but gave none whatever as to the place where it should be taken. This portion of Guthrel's evidence is contradicted by the memorandum found by Mrs. Cahill (at whose house the furniture was delivered). According to her affidavit, the memorandum set forth in Warren's affidavit was delivered

to her by the expressman at the time he delivered the furniture. There was a very sharp conflict between Guthrel's and Warren's evidence as to which of them employed the expressman. Warren's testimony was to some extent corroborated by Guthrel's conduct subsequent to the sale. Temple, the expressman, testified at the trial before the justice but died before the trial in the circuit court. What he testified to before the justice was reproduced by the evidence of bystanders who heard his testimony. As reproduced in this manner his evidence tended to corroborate the evidence of Guthrel, that Warren employed him to deliver the furniture. This evidence was admitted over the objection of defendant, but its admission is not assigned as error in defendant's statement and brief, therefore we shall not discuss the exception. We think it is quite probable that had the memorandum been received in evidence on the trial and shown to be in the handwriting of Guthrel, the jury would have applied to his evidence the maxim, "falsus in uno, falsus in omnibus," and reached a different result. [Standard Investment Co. v. Hoyt, 164 Mo. l. c. 140, 63 S. W. 1093.] Laches cannot be attributed to defendant in failing to discover the memorandum in the possession of Mrs. Cahill before the trial. On the whole record it by no means appears to us the correct result was reached, and we are of opinion the motion for new trial should have been sustained. The judgment is reversed and the cause remanded with directions to the circuit court to set aside its order overruling the motion for new trial, to sustain the motion and grant a new trial. All concur.